IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| SARAH J. SHERWOOD, | |
| Plaintiff, | No. C09-165-EJM |
| vs. | ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | |
| Defendant. | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income and social security disability benefits. The briefing schedule concluded on August 24, 2010. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of March 6, 2006, plaintiff alleges disability due to bipolar and panic disorders. Plaintiff asserts the Administrative Law Judge (ALJ) erred in finding substance abuse was a material factor contributing to disability, in failing to note that defendant has the burden of proving drug addiction or alcoholism was a material factor, and that the conclusion is contrary to the opinions of plaintiff's therapist and psychiatrist. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

Upon review of the record, it is the court's view that the ALJ failed to afford appropriate weight to the views of treating psychiatrist Samo (which appear consistent with the views of successor treating psychiatrist Piburn, as well as source therapist Nelson), in determining that absent substance abuse, plaintiff retained the residual functional capacity to perform substantial gainful activity. While noting that "[t]he burden of proving that [substance abuse] was not a contributing factor material to the disability determination falls on [plaintiff]," Brueggemann v. Barnhart, 348 F3d 689, 693 (8th Cir. 2003) (citations omitted), in light of the entire record, the ALJ's decision is not supported by substantial evidence on the record as a whole.

Upon the foregoing, this matter shall be reversed and remanded for further consideration in accordance herewith.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

October 19, 2010.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT